■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IRA JARVIS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Samenga, J.), rendered August 16, 1983, convicting him of the criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were for the suppression of physical evidence and statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

The defendant contends that the hearing court erred in refusing to suppress certain physical evidence, including a defaced sawed-off shotgun. This contention is without merit. This weapon was seized in plain view from within the parked van in which the defendant was seated. The arresting officers approached this van which was parked on a public street approximately 1½ blocks away from the scene of an armed robbery which they had been investigating at a gas station at approximately 3:00 A.M. on June 2, 1982, in a high-crime area of Hempstead. It had earlier been seen circling the block on which the gas station was situated and as police were responding to the gas station it was observed traveling away from that location. While this limited information at that time did not establish probable cause to arrest, it did nonetheless justify the officers' unintrusive request that the driver produce his license and registration (see, People v De Bour, 40 NY2d 210). The arresting officers' subsequent observation that the defendant was wearing an empty ankle holster, combined with the defendant's incredible denials that he possessed such a holster, justified the officer's more intrusive response of

ordering the defendant to exit the van for a pat down *(see, People v Samuels,* 50 NY2d 1035, *cert denied* 449 US 984). Upon the defendant's exit from the vehicle, the shotgun was observed in plain view through the open door. At that time probable cause existed to seize the shotgun and arrest the defendant *(see, People v Bennett,* 70 NY2d 891; *People v Brown,* 116 AD2d 727).

Additionally the defendant's statements, specifically his denials that he possessed an ankle holster while the arresting officer was observing this very holster, were properly admitted in evidence. These statements were made at a time when the officer was merely requesting that the driver produce his license and registration and as such occurred in a noncustodial investigatory setting *(see, People v Morales,* 65 NY2d 997; *Matter of Kwok T.,* 43 NY2d 213).

We further note that there was legally sufficient evidence of the defendant's guilt based upon his presumed possession of the weapon in the van outside of which he was later arrested. The jury was instructed regarding the statutory permissive rebuttable presumption of possession in an automobile (Penal Law § 265.15 [3]) and properly accepted the inference that the defendant was in knowing possession of the shotgun *(see, People v Lemmons,* 40 NY2d 505; *People v Sanchez,* 110 AD2d 665). Upon the exercise of our factual review power, we find that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit *(see, People v Santiago,* 52 NY2d 865; *People v Fay,* 85 AD2d 512; *see also, People v Palemon,* 131 AD2d 513, *lv denied* 70 NY2d 715). Mangano, J. P., Bracken, Brown and Kunzeman, JJ., concur.