■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT B. HACKER, Appellant.—Casey, J. Appeal from a judgment of the County Court of Broome County (Coutant, J.), rendered March 3, 1982, upon a verdict convicting defendant of the crimes of rape in the first degree, sodomy in the first degree and robbery in the first degree.

Defendant contends that County Court erred in denying his motion to represent himself. "A defendant in a criminal case may invoke the right to defend *pro se* provided: (1) the request is unequivocal and timely asserted, (2) there has been a knowing and intelligent waiver of the right to counsel, and (3) the defendant has not engaged in conduct which would prevent the fair and orderly exposition of the issues" *(People v McIntyre,* 36 NY2d 10, 17).

In the case at bar, defendant appeared in court some two months after the indictment was handed down, for the purpose of seeking to replace assigned counsel. Defendant was apparently dissatisfied because assigned counsel refused on ethical grounds to pursue certain defenses urged by defendant. County Court pointed out that if the defenses were unethical, a change in attorneys would not alter the course taken by defense counsel. The court concluded by stating, "Your choice, as far as I'm concerned, is to utilize trial counsel that's made available to you or doing without it". The following colloquy occurred:

"DEFENDANT: I will do without it, then.

"THE COURT: You're going to represent yourself?

"DEFENDANT: Yep.

"THE COURT: You're sure you want to do that?

"DEFENDANT: Yep."

A discussion with defendant and his mother revealed that defendant had an eighth grade education and had little understanding of what he was giving up by waiving his right to counsel. We are of the view that the record does not show the required unequivocal request *(see, supra)*. Rather, it was a spur of the moment decision, prompted more by defendant's dissatisfaction with the denial of his request to change assigned counsel than by a knowing and voluntary election to forego the benefit of an attorney and proceed *pro se*.

Judgment affirmed. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.