■ The People of the State of New York, Appellant, v Leticie Morales, Respondent. [603 NYS2d 319] —Order, Supreme Court, Bronx County (Frank Torres, J.), entered November 12, 1992, which granted defendant's motion to suppress physical evidence and a statement upon arrest, unanimously reversed, on the law, and the motion is denied.

Police Officer Coghlan testified that at 3 o'clock on an April afternoon, he was on foot patrol in the Bronx, returning to his station house, when he observed defendant standing next to a parked van at the corner of 188th Street and Grand Concourse, conversing with the occupant. From a distance of no more than 6 feet, Coghlan saw that defendant held a bullet in her right hand. He approached and asked if that was in fact a

bullet she was holding. Defendant answered, "No, it's a pen cap", and immediately thrust her hand into the knapsack she was carrying in the other hand. Since he was certain that the object had been a bullet, and now fearing for his safety, Coghlan impulsively grabbed defendant's hand and the bag. When he felt the shape of a gun through the soft bag, he tore the bag away from her, reached inside, and removed an unloaded .357 magnum and a number of bullets. In her left hand, which held the bag, defendant also had several more bullets. As Coghlan removed the gun and ammunition from the bag, defendant spontaneously stated that the gun was not hers, that she was merely holding it for a friend. Coghlan placed defendant under arrest.

At the *Mapp/Huntley* hearing, the suppression court credited Coghlan's testimony that he had seen a bullet in defendant's hand, had asked her about it, and had received a negative response. But the court concluded that defendant's behavior in thrusting her hand into her bag at that point did not constitute probable cause to search, nor create a threat to personal safety justifying the officer's action in grabbing her hand through the soft bag. We hold this conclusion to be error, in light of the combination of factors.

The presence of bullets permits an inference that a gun is near at hand, and would constitute probable cause for a search *(People v Ellis,* 62 NY2d 393), even absent the factor of threat to personal safety. When Coghlan caught defendant in a lie, that raised the level of justification for police intrusion *(People v Jarvis,* 142 AD2d 600, *lv denied* 72 NY2d 958). Since the existence of a gun was now a distinct possibility, Officer Coghlan was absolutely justified in following the hand as it disappeared from view *(see, People v Benjamin,* 51 NY2d 267, 271). Indeed, the "glint of steel" that often indicates it is too late to take safety precautions would never have been revealed had a gun been fired from its place of concealment in the soft bag. Grabbing the hand through the bag was not only reasonable but logical action by Officer Coghlan under these circumstances. And once the outline of the gun was felt, seizure was entirely justified *(People v Thomas,* 176 AD2d 539, 540, *lv denied* 79 NY2d 833). Since the arrest was valid, defendant's spontaneous statement acknowledging possession of the gun was also admissible.

We further find defendant's procedural objection to the People's appeal to be without merit. In appealing from an order of suppression, the People are required to "file, in addition to a notice of appeal", a statement indicating that the

deprivation of the evidence so suppressed has rendered the People without sufficient proof to prosecute the charge (CPL 450.50 [1]). Defendant reads this statute as requiring such a statement to be filed no later than the filing of the notice of appeal. Such a reading is unjustified and irrational. The purpose of the statute is to delineate the prosecutor's assessment of his need for the suppressed evidence, and to discourage him from later changing his position and trying the defendant on some other body of proof *(see, People v Kates,* 53 NY2d 591, 597). Clearly, prosecution is not feasible while the appeal is pending. Thus, there is no rational basis to read a requirement into the statute that the statement be filed contemporaneously with the notice of appeal. The timing of the filing of the CPL 450.50 statement is of no consequence, in this circumstance, to the protections afforded defendant under this statute. Filing of the statement prior to *perfection* of the appeal adequately advances the goal of the statute. Concur—Wallach, J. P., Ross, Asch and Rubin, JJ.