THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CONRAD WILSON, Appellant. [667 NYS2d 377] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered March 23, 1994, convicting him of criminal possession of a controlled substance in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is modified, on the law, by reducing the defendant's conviction for criminal possession of a controlled substance in the first degree to a conviction for criminal possession of a controlled substance in the second degree, and vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for resentencing.

On September 4, 1993, the date of the defendant's arrest, Penal Law § 220.21 provided, in relevant part, that a person was guilty of criminal possession of a controlled substance in the first degree when he knowingly and unlawfully possessed "one or more preparations, compounds, mixtures or substances of an aggregate weight of four ounces or more containing a narcotic drug" (Penal Law former § 220.21 [1]). On December 16, 1993, the Court of Appeals held in *People v Ryan* (82 NY2d 497) that when the definition of a crime requires that the defendant "knowingly" possess or sell a controlled substance of a specified "pure" or "aggregate" weight, there must be proof that the defendant knew the weight of the substance as well as the nature of the substance. In 1995 the Legislature amended Penal Law § 220.21 to eliminate the need to prove knowledge of the weight. However, the amendment was only made applicable to offenses committed on or after the effective date of June 10, 1995 (L 1995, ch 75, § 5).

The People concede, and we agree, that the evidence at trial did not establish beyond a reasonable doubt that the defendant knew that the aggregate weight of the substance found in his possession, which contained cocaine, was four ounces or more. The People contend, however, and the defendant concedes, that the evidence was sufficient to establish his guilt of criminal possession of a controlled substance in the second degree. The fact that the defendant was found in possession of a little more than 4¼ ounces was sufficient to support the inference that he knowingly possessed at least two ounces, the statutory thresh-

old for criminal possession of a controlled substance in the second degree (*see, People v Sanchez,* 86 NY2d 27). Accordingly, the defendant's conviction should be reduced from criminal possession of a controlled substance in the first degree to the lesser included offense of criminal possession of a controlled substance in the second degree.

Contrary to the defendant's contention, the Supreme Court properly denied that branch of his omnibus motion which was to suppress the narcotics. The testimony at the suppression hearing established that the clear plastic bag filled with what appeared to be cocaine came into plain view while the arresting officer was conducting a legitimate police inquiry (*see, People v Lemmons,* 40 NY2d 505; *People v Jarvis,* 142 AD2d 600). The suppression court's determination as to credibility is afforded great weight on appeal and should not be disturbed unless clearly unsupported by the evidence (*see, People v Prochilo,* 41 NY2d 759; *People v Jackson,* 200 AD2d 690).

Finally, inasmuch as the defendant failed to establish a prima facie case of purposeful discrimination during jury selection, the prosecution was not required to provide an explanation for its peremptory challenges (*see, People v Childress,* 81 NY2d 263). Miller, J. P., Sullivan, Santucci and Lerner, JJ., concur.