■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT HAYDEN, Appellant. [672 NYS2d 538] —Yesawich Jr., J. Appeal from a judgment of the County Court of Greene County (Pulver, Jr., J.), rendered February 25, 1997, upon a verdict convicting defendant of the crimes of burglary in the second degree (seven counts), petit larceny (six counts) and criminal possession of stolen property in the fourth degree.

In the early morning hours of April 24, 1996, seven homes (five of them occupied at the time) were burglarized in the Town of Catskill, Greene County. Among other items, several $100 bills were reportedly stolen from one of the houses. After one of defendant's associates, Anthony Picardi, tried to change a $100 bill later that day at a local convenience store, defendant was questioned by the police. Although at first he implicated Picardi, defendant eventually confessed to the crimes and signed a written statement to that effect, outlining in some detail his activities at each of the seven residences. Convicted after a jury trial of seven counts of burglary in the second degree, as well as associated charges of petit larceny and possession of stolen property, and sentenced accordingly, defendant appeals.

Defendant first contends that County Court erred in denying his application—made just prior to jury selection, as the result of defendant's dissatisfaction with his assigned counsel—to proceed *pro se*. While defendant initially indicated that he was "absolutely sure" he wanted to represent himself, when pressed he stated that what he really sought was another attorney, "somebody that is going to represent me fairly". He then requested an adjournment and repeated his request for "a lawyer that is going to represent me". Throughout the

remainder of the colloquy, defendant continued to focus on the reasons why he was displeased with the actions of his assigned attorney.

A request to proceed *pro se* is not ipso facto "equivocal" merely because it is made in the alternative (*see, Hacker v Herbert*, 825 F Supp 1143, 1148; *Johnstone v Kelly*, 808 F2d 214, 216, n 2, *cert denied* 482 US 928). What occurred here, however, is that defendant changed the thrust of his demand as the colloquy progressed, abandoning his initial desire to proceed without counsel as he became more intent upon obtaining a new attorney (*compare, Hacker v Herbert, supra*, at 1149-1150). Notably, even after the prosecutor observed that defendant's motion was, in essence, one to procure new counsel, and the court indicated that it would neither adjourn the matter nor permit a substitution, defendant never reiterated a desire to proceed *pro se*. Under these circumstances, County Court did not err in characterizing defendant's application as one for a substitution of counsel rather than as a clear and unconditional assertion of his right to self-representation (*see, People v McIntyre*, 36 NY2d 10, 17; *People v Neish*, 232 AD2d 744, 746, *lv denied* 89 NY2d 927; *People v Jones*, 187 AD2d 750, 751, *lv denied* 81 NY2d 790).

Defendant's remaining arguments are equally untenable. The motion to suppress his confession was properly denied, for the testimony of the police officer who accompanied defendant to the police station and questioned him, which was credited by County Court, provided ample basis for the court's finding that the statements at issue were neither elicited by improper means nor the product of an illegal arrest. That 14 hours elapsed between defendant's arrival at the police station and the signing of his written statement (though not an inconsequential fact) is not dispositive (*see, People v Tarsia*, 50 NY2d 1, 12-13; *People v Lang*, 226 AD2d 245, *lv denied* 88 NY2d 967; *People v Benitez*, 128 AD2d 628), particularly since the questioning was not continuous during that time period but was interrupted for some four hours while arranging for, traveling to and participating in a polygraph test at a distant State Police facility, during part of which time defendant slept (*see, People v Hofmann*, 238 AD2d 716, 719, *lv denied* 90 NY2d 940; *People v Glasper*, 160 AD2d 723, 724, *lv denied* 76 NY2d 788). The hearing testimony also established that defendant—who was then 48 years of age—voluntarily accompanied the officers to the police station; that while there he was offered food and drink, and allowed to use the rest room and telephone when he asked to do so; that he was not handcuffed, guarded or

otherwise prevented or discouraged from leaving; that he was informed of his *Miranda* rights several times, and at no time requested an attorney or asked that the interview be terminated; that he was generally cooperative; and that his statement was not the product of indefensible or unfair tactics (*see, e.g., People v Hofmann, supra,* at 719; *People v Corey,* 233 AD2d 773, 774, *lv denied* 89 NY2d 984).

Nor are we persuaded by defendant's contention that his statement must be deemed involuntary because he had smoked crack cocaine immediately prior to walking to the nearby police station. Given the officer's averment that defendant did not show any signs of impairment, and the undisputed fact that, at the time he confessed, at least 13 hours had elapsed since he had last smoked (*see, People v Velez,* 198 AD2d 26, 26-27, *lv denied* 82 NY2d 932), County Court did not err in finding that defendant's judgment, at the time he gave his statement, was not undermined by the drugs he had assertedly ingested (*see, People v O'Keefe,* 191 AD2d 464, 465, *lv denied* 81 NY2d 1077).

The suggestion, in defendant's *pro se* brief, that he was denied the effective assistance of counsel is meritless. The record reflects that counsel provided meaningful representation as evidenced by, *inter alia,* his obtaining a suppression hearing, at which he vigorously cross-examined the police officer called by the People and elicited from defendant his version of the relevant events; counsel's cross-examination of witnesses at trial; the reasonable efforts he made to minimize defendant's sentence, through plea bargaining and argument on the issue of defendant's second felony offender status; and his jury instruction requests (*see, People v Marx,* 222 AD2d 763, 764). And, having reviewed all of the relevant facts and circumstances, including defendant's 25-year criminal history, the nature of the crimes committed and his status as a parolee at the time, we find the sentence imposed—including consecutive, determinate terms of seven years' imprisonment for each of the burglary counts—was neither harsh and excessive, nor an abuse of discretion.

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the judgment is affirmed.