■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE ESTRELLA, Appellant. [756 NYS2d 655] —Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered August 11, 1998, convicting him of the criminal sale of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree (four counts), criminal sale of a controlled substance in the third degree, and criminal use of an access device in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant maintains that his convictions of criminal sale of a controlled substance in the second degree and criminal possession of a controlled substance in the third degree are not supported by legally sufficient evidence. He argues that the People failed to establish that he knowingly possessed and sold cocaine and that the cocaine weighed one-half ounce or more. However, these arguments are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10 [1995]).

In any event, these arguments are without merit. The People were not required to prove that the defendant knew the weight of the cocaine he possessed and sold in order to convict him of the crimes of which the aggregate weight of a controlled substance is an element (*see* Penal Law § 15.20 [4]; *People v Wilson,* 245 AD2d 402 [1997]). Further, the People were not required to prove that the cocaine itself, as opposed to the substance which tested positive for cocaine, weighed one-half ounce or more to prove his guilt of criminal possession of a controlled substance in the third degree (*see* Penal Law § 220.16 [12]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Smith, J.P., McGinity, Cozier and Mastro, JJ., concur.