■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEAN TERRY, Appellant. [867 NYS2d 556]—Mercure, J.P. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered July 23, 2007, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

Resolving a three-count indictment, defendant pleaded guilty to criminal sale of a controlled substance in the third degree. In accordance with the plea agreement, County Court thereafter sentenced defendant, as a second felony offender, to 4½ years in prison and two years of postrelease supervision. Defendant now appeals and, initially, we note that defendant's waiver of his right to appeal, as explained by County Court during the plea colloquy, does not bar his claims herein. Nevertheless, his arguments provide no basis for reversal.

Defendant's assertion that his plea was involuntarily entered is unpreserved for our review in light of his failure to advance, in a motion to withdraw his guilty plea or vacate the judgment of conviction, the particular arguments now made before us (*see People v Perry*, 50 AD3d 1244, 1245 [2008], *lv denied* 10 NY3d 963 [2008]). Moreover, nothing in the plea colloquy negated an essential element of the crime or otherwise cast doubt upon his guilt so as to trigger the exception to the preservation requirement (*see People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Sinclair*, 48 AD3d 974, 975 [2008]). Defendant's allegation that he was deprived of the effective assistance of counsel is also unavailing. Defense counsel negotiated a favorable plea which reduced defendant's prison exposure, nothing in the record cast doubt on counsel's apparent effectiveness and, during the plea colloquy, defendant indicated that he was satisfied with the legal services provided to him (*see People v Ford*, 86 NY2d 397, 404 [1995]; *People v Lahon*, 17 AD3d 778, 779-780 [2005], *lv denied* 5 NY3d 790 [2005]). Accordingly, the judgment is affirmed.

Peters, Spain, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed.