■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON CINTRON, Appellant. [881 NYS2d 183]—Malone Jr., J. Appeal from a judgment of the County Court of Ulster County (Czajka, J.), rendered May 25, 2007, convicting defendant upon his plea of guilty of two counts of the crime of criminal sale of a controlled substance in the fourth degree.

Defendant was indicted on two counts each of criminal sale of a controlled substance in the first degree and criminal possession of a controlled substance in the fifth degree arising out of his alleged possession and sale of methadone. Upon defendant's motion, County Court (Bruhn, J.) ordered that the criminal sale counts be reduced to the lesser included crime of criminal sale of a controlled substance in the fourth degree. Defendant thereafter pleaded guilty to all of the counts in the indictment. At sentencing, County Court (Czajka, J.) was erroneously advised that the criminal possession counts had been dismissed.* County Court accordingly sentenced defendant upon the criminal sale counts, as agreed, to concurrent prison terms of two years, and three years of postrelease supervision. Defendant appeals.

We affirm. Defendant's failure to move to withdraw his guilty plea or vacate the judgment of conviction leaves his challenge to the voluntariness of his plea unpreserved (*see People v Terry*, 55 AD3d 1149, 1150 [2008], *lv denied* 11 NY3d 931 [2009]). Nor did "the plea colloquy negate[ ] an essential element of the crime or otherwise cast doubt upon his guilt so as to trigger the exception to the preservation requirement" (*id.*). In any event, we are satisfied from our review of the record that defendant knowingly and voluntarily entered into the plea.

Defendant's claim that he received the ineffective assistance of counsel, to the extent that alleged ineffective assistance affected the voluntariness of his plea, is similarly unpreserved given his failure to move to withdraw the plea or vacate the judgment of conviction (*see People v Dobrouch*, 59 AD3d 781, 781 [2009]). In any event, defendant was made well aware of the charged crimes and his sentencing exposure during his plea colloquy and stated his satisfaction with counsel, and we conclude that defendant received meaningful representation (*see id.*).

Defendant also argues that, given the lack of proof as to his knowledge of the weight of the methadone that he possessed and sold, County Court should have dismissed the indictment. That knowledge, however, is not an element of any charged offense (*see* Penal Law § 15.20 [4]; *People v Estrella*, 303 AD2d 689 [2003], *lv denied* 1 NY3d 571 [2003]; *People v Wilson*, 245 AD2d 402, 402 [1997], *lv denied* 91 NY2d 946 [1998]). Defendant's related argument that there was insufficient evidence to indict him upon the original criminal sale counts is waived by his guilty plea (*see People v Dunbar*, 53 NY2d 868, 871 [1981];

---

* The criminal possession counts were apparently still extant at the time of sentencing, but defendant claims—and the People do not dispute—that they were subsequently dismissed.

*People v Melendez*, 48 AD3d 960, 960 [2008], *lv denied* 10 NY3d 962 [2008]) and, in any event, those counts were appropriately reduced by County Court (*see* CPL 210.20 [1-a]).

Lastly, we are unpersuaded that the sentence imposed, which was agreed upon by the parties and included the minimum prison term allowed and a permissible period of postrelease supervision, was harsh and excessive (*see People v Nelson*, 51 AD3d 1137, 1138 [2008], *lv denied* 11 NY3d 739 [2008]).

Mercure, J.P., Rose, Stein and Garry, JJ., concur. Ordered that the judgment is affirmed.

