■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHARLENE E. HENRY, Also Known as SHARLENE WHITFIELD, Appellant. [901 NYS2d 758]—

Egan Jr., J. Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered March 27, 2009, convicting defendant upon her plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

In the course of an investigation into a fight wherein an individual was stabbed, defendant made a statement to police in

which she admitted to possessing crack cocaine with intent to sell and secreting it in her anal cavity after the fight occurred. Although the plastic bag storing the crack cocaine was retrieved from defendant's person, the crack cocaine was not. Following an unsuccessful attempt to suppress her statement, defendant pleaded guilty to one count of criminal possession of a controlled substance in the third degree in satisfaction of a pending indictment and waived her right to appeal. County Court sentenced defendant, as a second felony offender, to the agreed-upon prison term of seven years and postrelease supervision of three years. Defendant now appeals and we affirm.

Defendant argues that defense counsel was ineffective at the *Huntley* hearing by failing to sufficiently explore the possibility that she was impaired by crack cocaine use at the time she made her statement. Assuming that this argument calls into question the voluntariness of defendant's guilty plea, her failure to move to withdraw her plea or vacate the judgment of conviction leaves it unpreserved for our review (*see People v Jenks*, 69 AD3d 1120, 1121 [2010]; *People v Cintron*, 62 AD3d 1157, 1158 [2009], *lv denied* 13 NY3d 742 [2009]).* Regardless, her argument fails on the merits. Defendant was examined at a hospital prior to making her statement, no other evidence in the record indicated that she was impaired, and defense counsel appropriately cross-examined the detective who obtained that statement regarding defendant's mental state (*see People v Hayden*, 250 AD2d 937, 939 [1998], *lv denied* 92 NY2d 879 [1998]; *People v Leary*, 145 AD2d 732, 734 [1988], *lv denied* 73 NY2d 1017 [1989]). Moreover, defendant expressed her satisfaction with counsel during the plea colloquy and indicated that she had discussed potential defenses in the case with him (*see People v Cintron*, 62 AD3d at 1158).

Cardona, P.J., Mercure, Lahtinen and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.

* We note that defendant's appeal waiver expressly permits her to raise ineffective assistance issues upon appeal.