People v Robinson (2018 NY Slip Op 07462)





People v Robinson


2018 NY Slip Op 07462


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SANDRA L. SGROI
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2015-03580
 (Ind. No. 10280/12)

[*1]The People of the State of New York, respondent,
v
Robert Robinson, appellant.


Calhoun & Lawrence, LLP, White Plains, NY (Clinton W. Calhoun III of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, William H. Branigan, and Rachel N. Houle of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (James P. Griffin, J.), rendered April 1, 2015, convicting him of criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the People failed to establish that he knowingly possessed cocaine that weighed one-half ounce or more is unpreserved for appellate review (see CPL 470.05[2]; Penal Law § 220.16[12]; People v Gray, 86 NY2d 10; People v Estrella, 303 AD2d 689). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), there was legally sufficient evidence that the defendant knowingly possessed a substance containing cocaine and that the substance weighed one-half ounce or more (see People v Foster, 153 AD3d 853, 854). Moreover, upon the exercise of our factual review power (see CPL 470.15[5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that he received ineffective assistance of counsel is without merit. On this record, the defendant failed to demonstrate "the absence of strategic or other legitimate explanations" for counsel's alleged shortcoming (People v Rivera, 71 NY2d 705, 709; see People v Caban, 5 NY3d 143, 152).
BALKIN, J.P., SGROI, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court