◼ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ISMAEL MALDONADO, Respondent. — Appeal by the People from an order of the Supreme Court, Kings County, dated June 12, 1980, which granted defendant's motion to suppress, and suppressed evidence seized pursuant to a search warrant. Order reversed, on the law, and defendant's motion to suppress is denied. We disagree with the conclusion of Criminal Term that the affidavit of the police officer submitted in support of the application for a search warrant did not contain sufficient facts to permit the issuing Magistrate to conclude that probable cause existed to issue a warrant for the search of the premises of the auto body and repair shop controlled by defendant. The officer's affidavit, which indicated that he was a member of the "Auto Crime Unit", was based on his personal observations of the premises in question as well as information he had received from a registered confidential informant who had previously supplied him with information that had led to convictions. The informant told the officer that he had observed stolen late-model automobiles on the premises in question and that a named and described individual and one "Maldonado", who controlled the premises, acting in concert with other unidentified persons, were "possessing" and cutting up the cars for resale there. The affidavit further stated that at 11:00 A.M. on July 20, 1978, a Thursday, the day before the warrant was applied for and issued, and two days before the warrant was executed, the officer had personally observed at the premises late-model automobiles without license plates and with their trunk locks "punched out". At the same time and place the officer had also observed "cut-up" late-model cars being loaded on a flatbed truck. The premises were locked by means of a chain on the front gate. Defendant does not contest the People's assertion, accepted by Criminal Term, that the "veracity test" of the two-pronged approach enunciated in *Aguilar v Texas* (378 US 108) was satisfied by the officer's averment to the effect that the informant had previously supplied him with accurate information (see *People v Hanlon,* 36 NY2d 549, 556-557; *People v Montague,* 19 NY2d 121, cert den 389 US 862). However, as defendant contends and as Criminal Term correctly concluded, the second test of *Aguilar,* "basis of knowledge", was not satisfied by the officer's averments that the informant had told him that he had observed stolen automobiles at the premises since these averments were unaccompanied by a statement of the facts and circumstances relied on by the informant in concluding that the vehicles were, in fact, stolen (see *People v Hanlon, supra,* p 556). However, we dis-

agree with the implicit conclusion of Criminal Term that the basis of knowl-edge test was not satisfied in an alternative manner by the personal obser-vations of the officer made in the course of his independent investigation of the matter (see *Spinelli v United States,* 393 US 410, 417-418; *People v Slaughter,* 37 NY2d 596, 599-600; *People v Hendricks,* 25 NY2d 129, 134). From the totality of the officer's observations, particularly considered in light of his membership in the Auto Crime Unit (see *People v Valentine,* 17 NY2d 128, 132), the issuing Magistrate was justified in concluding that there was activity afoot at the premises "not consistent with innocent con-duct" (see *People v Wirchansky,* 41 NY2d 130, 135) and that there was probable cause to issue the warrant. The premises ostensibly housed only an auto body and repair shop. However, it was apparently closed to the public at a time when it would presumably be open, while "cut-up" late-model cars were being loaded on a flatbed truck. Moreover, present on the premises were late-model automobiles without license plates and with their trunk locks "punched out". It is common experience that license plates are not ordinarily removed from vehicles that are to be only repaired, and not sold, and that the removal of a car's license plate deprives an observer of that car of one of the easiest means of identifying its owner. Moreover, it would not be unusual for a thief who might very well lack a key to a vehicle stolen by him, to gain access to the trunk of the vehicle by punching out its lock. When considered with all the other circumstances of the case, the fact that the same automobiles that lacked license plates also lacked trunk locks contributed to the formation of a factual basis from which the Magistrate could have reasonably concluded that there was probable cause to search. Defendant's contentions that the evidence should be suppressed because of the failure of the warrant to sufficiently describe defendant and the prop-erty to be seized, the latter of which was not presented to Criminal Term, are without merit. Titone, J. P., Lazer, Gulotta and Margett, JJ., concur.