■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THURMAN J. BROWN, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Delin, J.), rendered February 29, 1988, convicting him of robbery in the first degree, upon a jury verdict, and imposing a sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

We agree with the hearing court's finding that the defendant's statements were spontaneously made and were not the product of police conduct which the police should have known was reasonably likely to elicit an incriminating response (see, Rhode Is. v Innis, 446 US 291; People v Ferro, 63 NY2d 316, 321). The record reveals that after the defendant was arrested and given his Miranda rights, he indicated that he did not want to answer questions. The detective then completed a police form which contained pedigree information about the defendant and the crime charged—robbery in the first degree. The detective asked the defendant to sign the form but also explained to the defendant that if he did not want to sign the form, he could simply write "Refuse". Upon reading the form, the defendant asked the detective what robbery in the first degree meant. The detective explained that since the defendant had a knife, it was robbery with a weapon which is robbery in the first degree. The defendant then said, "I didn't threaten her with a knife. I only showed it to her". The detective's brief response to the defendant's inquiry did not go beyond the scope of the question asked and does not constitute the functional equivalent of interrogation (see, People v Rivers, 56 NY2d 476). The defendant's statements to the detective were spontaneous and were not the product of and induced by the interrogation process.

The defendant's claim of improper bolstering is not preserved for appellate review, since no objection was raised to the allegedly improper testimony (CPL 470.05 [2]; People v Major, 142 AD2d 603, 604). Mangano, P.J., Brown, Sullivan and Balletta, JJ., concur.