■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN ROIG, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered June 24, 1986, convicting him of robbery in the first degree (two counts) and robbery in the second degree (two

counts), upon a jury verdict, and sentencing him to consecutive indeterminate terms of 6 to 12 years imprisonment on the convictions for robbery in the first degree, to run concurrently with consecutive indeterminate terms of 6 to 12 years imprisonment on the convictions for robbery in the second degree.

Ordered that the judgment is modified, on the law, and as a matter of discretion in the interest of justice, by reducing the minimum terms of imprisonment imposed for robbery in the second degree from 6 years to 4 years, and by providing that all the sentences shall run concurrently to each other; as so modified, the judgment is affirmed.

Contrary to the defendant's contention, the evidence, when viewed in a light most favorable to the People (see, People v Contes, 60 NY2d 620), sufficiently established his identity as the perpetrator of the crimes. Both victims separately identified the defendant in lineups, and both affirmatively testified at trial that he was the same person who robbed them on the night in question. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's contention that he was denied his right to effective assistance of counsel is also without merit. The failure of counsel to make a pretrial motion or request a particular hearing does not, in and of itself, constitute a basis for a finding of ineffectiveness (see, People v Rivera, 71 NY2d 705; People v Shuler, 149 AD2d 634). Here, the evidence, the law and the circumstances of the case, viewed in totality, reveal that meaningful representation was provided (see, People v Baldi, 54 NY2d 137, 147).

The defendant was improperly given a minimum term of imprisonment of one-half the maximum instead of one-third the maximum on his convictions for robbery in the second degree (see, Penal Law § 70.02 [4]). These terms are accordingly so modified and the sentence is further modified, in the interest of justice, so as to provide that all the terms of imprisonment shall run concurrently to each other. Mangano, P. J., Bracken, Sullivan and Miller, JJ., concur.