■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE GAMBLE, Appellant. [628 NYS2d 706] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered April 20, 1993, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was arrested on Palmetto Street in Brooklyn after he was observed selling crack cocaine. Police officers in the area were conducting a canvas for a suspect in an unrelated "buy and bust" operation. They observed an individual approach the defendant and trade currency for two vials of crack cocaine. Immediately after the completion of the transaction, the police officers apprehended the defendant. On appeal, the defendant contends, *inter alia,* that he was denied the effective assistance of counsel based on his trial counsel's failure to move to renew his motion for a *Mapp* hearing after the first motion was denied based on the insufficiency of counsel's affirmation. We disagree.

Counsel's failure to renew a motion for a *Mapp* hearing does not, by itself, constitute a basis for a finding of ineffectiveness *(see, People v Obair,* 138 AD2d 750; *see also, People v Roig,* 170 AD2d 465). Even if a hearing had been granted, the defendant's *Mapp* claim would not have been meritorious since the trial testimony of the police officers reveals that there was probable cause to arrest the defendant *(see, People v Little,* 204 AD2d 351). When viewed in its totality, defense counsel provided meaningful representation *(see, People v Baldi,* 54 NY2d 137).

The defendant's remaining contentions are either without merit or unpreserved for appellate review *(see, People v Contes,* 60 NY2d 620). Balletta, J. P., O'Brien, Thompson and Hart, JJ., concur.