■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBYN LYONS, Appellant. [682 NYS2d 235] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Naro, J.), rendered September 9, 1997, convicting him of resisting arrest, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence is legally insufficient to support his conviction is unpreserved for appellate review (see, CPL 470.05 [2]; People v Udzinski, 146 AD2d 245, 250-252). In any event, viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant knowingly and intentionally resisted an authorized arrest (Penal Law § 205.30). Contrary to the defendant's contention, the jury had ample evidence to conclude that the defendant knew or should have inferred that he was being lawfully arrested. Moments after participating in an illegal drug transaction with an undercover officer, he was apprehended by several police officers, one of whom, although in plainclothes and arriving in an unmarked car, wore his police badge around his neck and identified himself to the defendant as a police officer (see, People v Urena, 199 AD2d 443, 444; People v Caidor, 187 AD2d 441, 442). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]). Rosenblatt, J. P., Santucci, Friedmann and McGinity, JJ., concur.