■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY WARD, Appellant. [686 NYS2d 735] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered March 17, 1997, convicting him of murder in the second degree, attempted robbery in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY WARD, JR., Appellant. [688 NYS2d 631] —Appeal by the defendant from a judgment of the County Court, Westchester County (Dillon, J.), rendered November 6, 1997, convicting him of assault in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that Penal Law § 70.08 (3) (c) violates the Equal Protection Clauses of the State and Federal Constitutions is without merit. " 'The equal protection clause does not mandate absolute equality of treatment but merely prescribes that, absent a fundamental interest or suspect classification, a legislative classification be rationally related to a legitimate State purpose' " (*People v Walker,* 81 NY2d 661, 668, quoting *People v Parker,* 41 NY2d 21, 25). In this case, neither a suspect class nor a fundamental interest is involved and, therefore, the statute need only be supported by a rational basis (*see, People v Walker, supra,* at 668). "In applying the rational basis test [courts] defer to the Legislature, which is presumed to know all the facts that would support a statute's constitutionality—a presumption which must be rebutted beyond a reasonable doubt. The Legislature's actual purpose need not be apparent, for a statute is constitutional if rationally related to any conceivable legitimate State purpose" (*People v Walker, supra,* at 668).

The Legislature's determination to increase the minimum sentence for a persistent violent felony offender for a period of ten years, at which point the lower minimum would go back into effect, has a rational basis. The legislative scheme provides an opportunity to study and evaluate whether the increased sentences have the intended effect of lowering the rate of violent crime and a deadline by which the impact of the statute must be assessed.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Altman, J. P., Friedmann, McGinity and Luciano, JJ., concur.