■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TEOFILO TAVAREZ, Appellant. [715 NYS2d 726] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (West, J.), rendered April 6, 1998, convicting him of burglary in the second degree, possession of burglar's tools, petit larceny, aggravated unlicensed operation of a motor vehicle, and failure to signal, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Dillon, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant's contention that the traffic stop was pretextual is without merit. The stop was based upon a police officer's observation of the defendant making a left turn without signaling (*see, Whren v United States,* 517 US 806; *People v Henry,* 258 AD2d 473; *People v Dougherty,* 251 AD2d 344; *People v Alcide,* 252 AD2d 591). Upon learning that the defendant was driving with a suspended license, the officer had probable cause to arrest the defendant (*see,* Vehicle and Traffic Law § 511 [1]; Penal Law § 10.00 [4]; *People v Maldonado,* 86 NY2d 631). Suppression of the burglar's tools recovered from the defendant's pants pocket was not warranted as the tools were recovered during a search incident to a lawful arrest (*see, People v Lynch,* 254 AD2d 503; *People v Valentine,* 220 AD2d 708).

Contrary to the defendant's contention, the trial court properly disallowed the defense counsel's challenge for cause regarding two prospective jurors (*see, People v Archer,* 210 AD2d 241; *People v Pagan,* 191 AD2d 651; *People v Whitmore,* 177 AD2d 525).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either without merit or do not warrant reversal (*see, People v Crimmins,* 36 NY2d 230, 241-242; *People v Ward,* 260 AD2d 585). Mangano, P. J., Ritter, S. Miller and H. Miller, JJ., concur.