■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN ESTEVES, Appellant. [728 NYS2d 787] —Appeal by the defendant (1) from a judgment of the County Court, Suffolk County (Weissman, J.), rendered July 22, 1997, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence, and (2), as limited by his motion, from an amended sentence of the same court (Spinner, J.), imposed March 31, 2000, on the ground that the amended sentence is excessive and/or illegal. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements he made to the police.

Ordered that the judgment and the amended sentence are affirmed.

Contrary to the defendant's contention, he was not deprived of effective assistance of counsel at trial (*see, People v Benevento,* 91 NY2d 708; *People v Hobot,* 84 NY2d 1021). Counsel's failure to obtain a *Mapp* hearing (*see, Mapp v Ohio,* 367 US 643) "did not prejudice the defense or defendant's right to a fair trial" (*People v Hobot, supra,* at 1024; *see, People v Gamble,* 215 AD2d 688), as the record before the hearing court demonstrates that the police had probable cause to arrest the defendant (*see, People v Hoover,* 251 AD2d 348; *People v Bryant,* 225 AD2d 786; *People v Guerra,* 199 AD2d 412).

The defendant's contention that the amended sentence was illegal and/or excessive is without merit. When the defendant admitted to a violation of probation, the court warned him that it would not be bound by the agreed upon sentence of one to three years, and would in fact impose an enhanced sentence, if the defendant was subsequently re-arrested prior to his resentencing. Upon learning that the defendant had been re-arrested prior to resentencing, the court sentenced the defendant to two to six years imprisonment. Under these circum-

stances, the sentencing court was not bound by its original sentence promise, and it could unilaterally impose an enhanced sentence (*see, People v Thorpe,* 189 AD2d 903). In addition, the sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80). Friedmann, J. P., Smith and Cozier, JJ., concur.

Florio, J., dissents and votes to reverse the judgment, dismiss the appeal from the amended sentence as academic, and remit the matter for a new hearing. I respectfully dissent. In my opinion, the combination of the initial failure of the defendant's attorney to submit adequate moving papers, together with the County Court's error in thereafter denying the defendant's motion to reopen the hearing to include the issue of probable cause, requires reversal and the granting of a new hearing.

The defendant's attorney made an omnibus motion seeking to suppress his statements to the police. As grounds for such relief, he alleged generally, *inter alia,* that his client's statements "were obtained as the fruit of an unlawful arrest." The County Court granted the defendant a *Huntley* hearing (*see, People v Huntley,* 15 NY2d 72), but summarily denied so much of the motion as sought a hearing on the issue of probable cause to arrest him due to his attorney's failure to submit sworn allegations of fact to support the claim that his arrest was illegal.

After one of the arresting police officers testified at the *Huntley* hearing, the defendant's attorney again asked the County Court, in the interest of justice, to consider his argument that there was no probable cause for his arrest. The County Court, however, considered only whether the defendant's statements were made in response to a custodial interrogation, in violation of his *Miranda* rights (*see, Miranda v Arizona,* 384 US 436).

It is clear from the testimony adduced at the *Huntley* hearing, that if the probable cause issue had been considered, all of the defendant's statements to the police would have been suppressed as fruits of an illegal arrest since, at the time he was seized and placed in the police car, there was no probable cause to arrest him based upon the behavior of his co-defendant (*see, People v Williams,* 191 AD2d 989). Under these circumstances, the County Court should have granted the motion of the defendant's attorney to reopen the hearing to consider the issue of probable cause (*see, People v Campbell,* 148 AD2d 743; *see also, People v Feinsod,* 278 AD2d 335). I therefore would reverse and remit the matter for a new hearing.