■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM MITCHELL, Appellant. [755 NYS2d 867] —Appeal by the defendant from a judgment of the County Court, Suffolk

County (Hudson, J.), rendered August 23, 2001, convicting him of assault in the second degree (two counts), resisting arrest, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the People's resubmission of the charges to the grand jury after the initial dismissal of the indictment pursuant to CPL 210.20 (1) (c) was timely. The record does not support the defendant's claim that the order granting the People the right to re-present the charges to the grand jury had set forth any particular deadline by which to do so.

The defendant failed to preserve for appellate review the issue of whether the crack cocaine recovered from his car should have been suppressed as the tainted fruit of an unlawful arrest which was not predicated upon probable cause, as he never requested a Dunaway hearing (*see Dunaway v New York,* 442 US 200 [1979]; *People v Leftwich,* 134 AD2d 371 [1987]). In any event, the evidence adduced at the combined *Mapp / Huntley* hearing (*see Mapp v Ohio,* 367 US 643 [1961]; *People v Huntley,* 15 NY2d 72 [1965]) was sufficient to establish that the police had probable cause to arrest the defendant, who was driving with a suspended license (*see People v Tavarez,* 277 AD2d 260 [2000]; *see also* Vehicle and Traffic Law § 511[1]; Penal Law § 10.00 [4]; *People v Maldonado,* 86 NY2d 631 [1995]). Accordingly, suppression of the crack cocaine recovered from the defendant's car was not warranted, as it was recovered in plain view and during a search incident to a lawful arrest (*see People v Tavarez, supra*).

The defendant's claim that the evidence was legally insufficient to support his conviction is not preserved for appellate review (*see* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245 [1989]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Rosa,* 277 AD2d 506 [2000]; *People v Bell,* 265 AD2d 813 [1999]; *People v Lyons,* 256 AD2d 422 [1998]; *People v Thomas,* 239 AD2d 246 [1997]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant received meaningful representation of counsel

(*see People v Torres,* 288 AD2d 406 [2001]; *People v Esteves,* 286 AD2d 342 [2001]; *People v Reeder,* 209 AD2d 551 [1994]).

The defendant's remaining contentions either are unpreserved for appellate review or without merit. Santucci, J.P., Friedmann, Luciano and Rivera, JJ., concur.