THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEETRANAUTH UMADAT, Appellant. [814 NYS2d 744]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Aloise, J.), rendered August 4, 2004, convicting him of criminal possession of a weapon in the third degree (two counts), criminal sale of marijuana in the fourth degree, and unlawful possession of marijuana, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Cooperman, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The factual findings and credibility determinations of a hearing court are accorded great deference on appeal, and will not be disturbed unless clearly unsupported by the record (*see People v Cameron,* 6 AD3d 546 [2004]). Here, nothing in the record supports the defendant's contention that the testimony of the arresting detective at the hearing was incredible or patently tailored to nullify constitutional objections (*see People v James,* 19 AD3d 617, 618 [2005]; *People v Natiello,* 294 AD2d 451 [2002]; *People v Garafolo,* 44 AD2d 86, 88 [1974]). Accordingly, the Supreme Court properly denied those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials. Goldstein, J.P., Mastro, Rivera and Lunn, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT M. SIMELS, on Behalf of JUAN J. SAPEG, Petitioner, v ANTHONY AMICUCCI, Respondent. [813 NYS2d 915]—Writ of habeas corpus in the nature of an application for bail reduction upon Westchester County Superior Court information Nos. 955S-2005 and 956S-2005.

Adjudged that the writ is dismissed, without costs or disbursements.

The determination of the Supreme Court, Westchester County, was not an improvident exercise of discretion, and did not violate "constitutional or statutory standards" (*People ex rel. Klein v Krueger,* 25 NY2d 497, 499 [1969]; *see People ex rel. Rosenthal v Wolfson,* 48 NY2d 230 [1979]). Schmidt, J.P., Santucci, Luciano and Rivera, JJ., concur.