■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE DAVIS, Appellant. [821 NYS2d 217]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered March 16, 2005, convicting him of criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Grosso, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and a statement he made to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the evidence presented at the suppression hearing was sufficient to establish that a police officer observed his failure to stop at a stop sign, and therefore acted lawfully in stopping his vehicle (*see* Vehicle and Traffic Law § 1172 [a]; *Whren v United States*, 517 US 806, 810 [1996]; *People v Robinson*, 97 NY2d 341, 349 [2001]; *People v Gonzalez*, 25 AD3d 620 [2006], *lv denied* 6 NY3d 833 [2006]; *People v Lamanda*, 205 AD2d 934 [1994]; *People v Frank*, 161 AD2d 794 [1990]). Upon ascertaining that the defendant's driver's license was suspended, the officer had probable cause to arrest the defendant (*see People v Mitchell*, 303 AD2d 422 [2003]; *People v Tavarez*, 277 AD2d 260 [2000]). Thus, suppression of the cocaine recovered from the defendant's person was not warranted, as it was recovered during a search incident to a lawful arrest (*see Chimel v California*, 395 US 752, 762-763 [1969]; *People v Perel*, 34 NY2d 462, 466-467 [1974]; *People v Tavarez, supra*).

Moreover, the defendant was not entitled to suppression of a statement he made to police officers following his arrest. Although the officers were discussing the drugs found on the

defendant's person within earshot of the defendant, the defendant's inquiry as to "how much trouble he was in" was spontaneous (see People v Bryant, 87 AD2d 873 [1982], affd 59 NY2d 786 [1983]). After one of the officers succinctly and accurately answered the defendant's question, the defendant volunteered an inculpatory statement (see People v Brown, 161 AD2d 778 [1990]). The Supreme Court properly determined that the inculpatory statement was not prompted by the functional equivalent of custodial interrogation, and thus was not subject to suppression (see Rhode Island v Innis, 446 US 291, 300-301 [1980]; Miranda v Arizona, 384 US 436 [1966]). Prudenti, P.J., Adams, Rivera and Lifson, JJ., concur.