■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PANAGIOTIS SOURIS, Also Known as PETER SOURIS, Appellant. [846 NYS2d 587]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Adler, J.), rendered December 6, 2002, convicting him of criminal possession of a controlled substance in the third degree and failure to wear a safety belt in violation of Vehicle and Traffic Law § 1229-c (3), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Smith, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The credibility determinations of a hearing court are accorded great deference on appeal, and will not be disturbed unless clearly unsupported by the record (*see People v Umadat*, 29 AD3d 830 [2006]; *People v Cameron*, 6 AD3d 546 [2004]; *People v Jakins*, 277 AD2d 328 [2000]). The record supports the hearing court's determination to credit the testimony of a state trooper that he was able to observe that the defendant was not wearing a safety belt in violation of Vehicle and Traffic Law § 1229-c (3) (*see People v Umadat*, 29 AD3d 830 [2006]; *People v James*, 19 AD3d 617, 618 [2005]). This observation, as distinguished from mere pretext (*see People v David*, 223 AD2d 551 [1996]; *People v Smith*, 181 AD2d 802, 803 [1992]), justified the trooper's stop of the vehicle (*see Whren v United States*, 517 US 806, 810 [1996]; *People v Robinson*, 97 NY2d 341, 349 [2001]; *People v Robinson*, 38 AD3d 572, 573 [2007]). Accordingly, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence. Miller, J.P., Ritter, Florio and Dillon, JJ., concur.