■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN FOSTER, Appellant. [60 NYS3d 372]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Collins, J.), rendered December 19, 2014, convicting him of criminal possession of a controlled substance in the third degree and aggravated unlicensed operation of a motor vehicle in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Braslow, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statement to law enforcement officials.

Ordered that the judgment is affirmed.

The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence recovered from his person. " '[A]s a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred,' even if the underlying reason for the stop was to investigate another matter unrelated to the traffic violation" (*People v Sluszka*, 15 AD3d 421, 423 [2005], quoting *People v Robinson*, 97 NY2d 341, 348-349 [2001]; *see People v Davis*, 103 AD3d 810, 811 [2013]). "The credibility determinations of a hearing court are entitled to great deference on appeal, and will not be disturbed unless clearly unsupported by the record" (*People v Martinez*, 58 AD3d 870, 870-871 [2009]). The record supports the hearing court's determination to credit a police officer's testimony that he observed the defendant make a right turn without signaling and while he was not wearing a seatbelt, which justified the stop of the defendant (*see People v Golden*, 149 AD3d 777 [2017]; *People v Souris*, 46 AD3d 711 [2007]). The officer had the right to request that the defendant produce his driver license (*see People v Graham*, 54 AD3d 1056, 1058 [2008]; *People v Leiva*, 33 AD3d 1021, 1022 [2006]; *People v Irizarry*,

282 AD2d 483, 483 [2001]). Upon learning that the defendant had a suspended driver license, the officer had probable cause to arrest the defendant (*see* Vehicle and Traffic Law § 511 [1] [a]; *People v Mercado*, 120 AD3d 441, 442 [2014], *affd* 25 NY3d 936 [2015]; *People v Davis*, 32 AD3d 445, 445 [2006]; *People v Mitchell*, 303 AD2d 422, 423 [2003]; *People v Irizarry*, 282 AD2d at 483; *People v Tavarez*, 277 AD2d 260 [2000]). Thus, suppression of the cocaine and other physical evidence recovered from the defendant's person was not warranted, as it was recovered during a search incident to a lawful arrest (*see People v Troiano*, 35 NY2d 476 [1974]; *People v Mercado*, 120 AD3d at 442; *People v Hurdle*, 93 AD3d 419 [2012]; *People v Lewis*, 89 AD3d 1485 [2011]; *People v Tavarez*, 277 AD2d 260 [2000]). Additionally, since the search of the defendant and his arrest were lawful, his subsequent statements to the police cannot be deemed the fruit of the poisonous tree subject to the exclusionary rule (*see People v John*, 119 AD3d 709, 710 [2014]).

Further, contrary to the defendant's contention, his statement to law enforcement officials that he had approximately 20 grams of cocaine on him, made before *Miranda* warnings were given (*see Miranda v Arizona*, 384 US 436 [1966]), was spontaneous and not triggered by any police questioning or other conduct which reasonably could have been expected to elicit a declaration from him (*see People v Wallace*, 128 AD3d 866 [2015]; *People v Powell*, 125 AD3d 1010, 1011 [2015], *affd* 27 NY3d 523 [2016]; *People v Barley*, 82 AD3d 996 [2011]; *People v Castro*, 73 AD3d 800, 801 [2010]). Accordingly, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress this statement.

The defendant's contention that the evidence was legally insufficient to establish his guilt of criminal possession of a controlled substance in the third degree because the People failed to establish beyond a reasonable doubt that he knowingly possessed a substance containing cocaine that had an aggregate weight of one-half ounce or more is not preserved for appellate review (*see* CPL 470.05 [2]; Penal Law § 220.16 [12]; *People v Gray*, 86 NY2d 10 [1995]; *People v Estrella*, 303 AD2d 689 [2003]). In any event, this contention, and the defendant's contention that his conviction was against the weight of the evidence on this ground, are without merit. The People were not required to prove that the defendant had knowledge of the aggregate weight of the controlled substance that he possessed (*see* Penal Law § 15.20 [4]; *People v Ballard*, 51 AD3d 1034, 1035 [2008]; *People v Flemings*, 6 AD3d 626, 627 [2004]; *People v Estrella*, 303 AD2d 689 [2003]; *People v Wilson*, 245 AD2d

402 [1997]). For this reason, his trial attorney was not ineffective for failing to preserve the defendant's challenge to the legal sufficiency of the evidence establishing that he knew the aggregate weight of the cocaine (*see People v High*, 119 AD3d 959, 960 [2014]). There can be no deprivation of effective assistance of counsel arising from the failure to make a motion or argument that had little or no chance of success (*see People v Ennis*, 11 NY3d 403, 415 [2008]; *People v Witherspoon*, 147 AD3d 985 [2017]). Mastro, J.P., Leventhal, Miller and Brathwaite Nelson, JJ., concur.