People v Pearsall (2019 NY Slip Op 02904)





People v Pearsall


2019 NY Slip Op 02904


Decided on April 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-03032
 (Ind. No. 1420/13)

[*1]The People of the State of New York, respondent,
v
Diya J. Pearsall, appellant.


Leon H. Tracy, Jericho, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Kevin C. King and James C. Manning of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robert A. McDonald, J.), rendered March 8, 2017, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his conviction is not supported by legally sufficient evidence is unpreserved for appellate review, as his motion to dismiss made at the close of evidence was not sufficiently specific (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492; People v Gray, 86 NY2d 10, 19). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383,410). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, his trial counsel's failure to preserve for appellate review his challenge to the legal sufficiency of the evidence did not constitute ineffective assistance of counsel (see People v McGee, 20 NY3d 513, 518; People v Foster, 153 AD3d 853, 855). In addition, counsel's failure to seek an adverse inference charge did not constitute ineffective assistance of counsel (see Strickland v Washington, 466 US 668; People v Baldi, 54 NY2d 137, 147).
LEVENTHAL, J.P., ROMAN, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court