People v Brown (2020 NY Slip Op 01981)





People v Brown


2020 NY Slip Op 01981


Decided on March 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


162 KA 19-00074

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SAMMY L. BROWN, DEFENDANT-APPELLANT. 






TODD G. MONAHAN, LITTLE FALLS, FOR DEFENDANT-APPELLANT.
KRISTYNA S. MILLS, DISTRICT ATTORNEY, WATERTOWN (HARMONY A. HEALY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered September 5, 2018. The judgment convicted defendant upon a jury verdict of murder in the second degree, attempted robbery in the first degree (two counts), burglary in the first degree (two counts), criminal use of a firearm in the first degree, attempted robbery in the second degree, attempted grand larceny in the third degree, criminal mischief in the third degree and conspiracy in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, murder in the second degree (Penal Law
§ 125.25 [3]), defendant contends that County Court erred in refusing to suppress statements that he made to police investigators because those statements were made after he invoked his right to counsel and he did not thereafter validly waive that right. Specifically, defendant contends that the court was required to suppress several statements that he made to police investigators on July 13, 2017, because he invoked his right to counsel during an interview on July 12. It is undisputed that defendant requested an attorney during the conversation on July 12. Defendant, however, contends that he was placed in custody on July 12 and that the events of July 12-13 comprised a single, continuous block of custodial interrogation by the investigators, and therefore he could not knowingly, voluntarily, and intelligently waive his right to counsel without an attorney present. We conclude that the court properly declined to suppress the statements at issue.
We reject defendant's initial contention that suppression was required because he requested counsel while in custody on July 12. Although defendant is correct that, once an uncharged individual requests counsel while in police custody, his or her constitutional right to counsel cannot thereafter be waived without counsel present (see People v Ramos, 99 NY2d 27, 32-33 [2002]; People v Cunningham, 49 NY2d 203, 208-210 [1980]), the court determined that defendant was not in custody on July 12 (see generally People v Yukl, 25 NY2d 585, 589 [1969], cert denied 400 US 851 [1970]). Giving due deference to the court's credibility determinations (see People v Clark, 136 AD3d 1367, 1368 [4th Dept 2016], lv denied 27 NY3d 1130 [2016]), we conclude that the evidence at the Huntley hearing establishes that defendant was not in custody when he requested counsel (see generally People v Bell-Scott, 162 AD3d 1558, 1559 [4th Dept 2018], lv denied 32 NY3d 1169 [2019]; People v Strong, 27 AD3d 1010, 1012 [3d Dept 2006], lv denied 7 NY3d 763 [2006]).
We reject defendant's further contention that the court erred in concluding that he withdrew his request for counsel before speaking with the police investigators on July 13. The Court of Appeals has stated that a defendant who asserts his or her right to counsel while out of custody may later withdraw that assertion without an attorney present and speak to law enforcement agents (see People v Davis, 75 NY2d 517, 522-523 [1990]). A hearing court may [*2]infer that a defendant has withdrawn a request for counsel when the defendant's conduct unambiguously establishes such a withdrawal, which requires consideration of all relevant factors, including "whether defendant was fully advised of his or her constitutional rights before invoking the right to counsel and subsequently waiving it, whether the defendant who has requested assistance earlier has initiated the further communication or conversation with the police . . . , and whether there has been a break in the interrogation after the defendant has asserted the need for counsel with a reasonable opportunity during the break for the suspect to contact an attorney" (id. at 523). Here, defendant was repeatedly advised of his rights, including twice immediately before he resumed speaking with the police. Moreover, after an overnight break in questioning, defendant initiated the conversation with the police to inquire about taking a polygraph examination, and he provided his own transportation to the investigators' office. Consequently, we conclude that the court properly determined that defendant withdrew his assertion of his right to counsel (see id.; People v White, 27 AD3d 884, 886 [3d Dept 2006], lv denied 7 NY3d 764 [2006]; cf. People v Lewis, 153 AD3d 1615, 1616-1617 [4th Dept 2017], lv denied 30 NY3d 1106 [2018]). We reject defendant's contention that a different result is required because he did not cause the break in the interrogation. The relevant consideration is not which party caused the break in the questioning, rather it is whether there was "a reasonable opportunity during the break for the suspect to contact an attorney" (Davis, 75 NY2d at 523), and in this case defendant had such an opportunity during the overnight break in questioning.
Defendant failed to preserve for our review his contention that the court erred in permitting a prosecution witness to testify that the victim was shot by a left-handed shooter and that defendant was left-handed (see generally People v Houk, 225 AD2d 1085, 1085 [4th Dept 1996], lv denied 90 NY2d 940 [1997]). He also failed to preserve his contention concerning an alleged violation of his right of confrontation (see People v Liner, 9 NY3d 856, 856-857 [2007], rearg denied 9 NY3d 941 [2007]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Defendant did not request a Dunaway hearing and thus failed to preserve his contention that the court erred in failing to conduct one (see People v Mitchell, 303 AD2d 422, 423 [2d Dept 2003], lv denied 100 NY2d 564 [2003], reconsideration denied 100 NY2d 597 [2003]). Similarly, defendant did not request a Darden hearing or challenge the identity of the confidential informant (see People v Darden, 34 NY2d 177, 181 [1974], rearg denied 34 NY2d 995 [1974]), and thus he also failed to preserve his contention that the court erred in failing to conduct such a hearing (see CPL 470.05 [2]; People v Cruz, 89 AD3d 1464, 1465 [4th Dept 2011], lv denied 18 NY3d 993 [2012]). In any event, defendant's contentions that the court erred in failing to conduct those hearings lack merit. The evidence at the suppression hearing establishes that no Dunaway hearing was required because defendant's "statement on its face shows probable cause for defendant's arrest, and defendant failed to controvert it" by submitting motion papers addressing the issue (People v Lopez, 5 NY3d 753, 754 [2005]; see People v Bakerx, 114 AD3d 1244, 1246 [4th Dept 2014], lv denied 22 NY3d 1196 [2014]). Similarly, no Darden hearing was necessary because the evidence from the suppression hearing establishes that the police had probable cause to arrest defendant that was independent of any information gleaned from the confidential informant (see generally People v Farrow, 98 NY2d 629, 630-631 [2002]).
Defendant further contends that he was denied effective assistance of counsel due to his attorney's failure to object to the testimony regarding the left-handed shooter or to request Dunaway and Darden hearings. We reject that contention. It is well settled that a defendant is not denied effective assistance of counsel due to his counsel's failure to "make a motion or argument that has little or no chance of success" (People v Stultz, 2 NY3d 277, 287 [2004], rearg denied 3 NY3d 702 [2004]), and it is equally well settled that the failure to move for a particular hearing does not, in and of itself, constitute ineffective assistance of counsel, particularly "where, as here, such endeavor was potentially futile" (People v Jackson, 48 AD3d 891, 893 [3d Dept 2008], lv denied 10 NY3d 841 [2008]; see People v Smith, 128 AD3d 1434, 1434-1435 [4th Dept 2015], lv denied 26 NY3d 1011 [2015]). Furthermore, defendant "failed to demonstrate the absence of strategic or other legitimate explanations for defense counsel's alleged shortcomings" (People v Dickeson, 84 AD3d 1743, 1743 [4th Dept 2011], lv denied 19 NY3d 972 [2012]; see People v Markwick, 178 AD3d 1439, 1440 [4th Dept 2019]; People v Streeter, 166 AD3d 1509, 1511 [4th Dept 2018], lv denied 32 NY3d 1210 [2019]; People v Murphy, 43 AD3d 1334, 1334 [4th Dept 2007], lv denied 9 NY3d 1037 [2008]).
We note that "[d]efendant's challenge to the court's denial of a missing witness charge is unpreserved because defense counsel never requested the charge" (People v Roseboro, 151 AD3d 526, 526 [1st Dept 2017], lv denied 30 NY3d 983 [2017]). In any event, we conclude that the "court did not err in refusing to give a missing witness charge with respect to a witness whose testimony would have constituted hearsay" (People v Cephas, 107 AD3d 821, 821 [2d Dept 2013], lv denied 21 NY3d 1041 [2013]; see People v Andolina, 171 AD3d 1201, 1202 [2d Dept 2019], lv denied 33 NY3d 1102 [2019]).
Defendant also failed to preserve for our review his contention that the court erred in failing to instruct the jury that a prosecution witness was an accomplice as a matter of law and that his testimony therefore required corroboration (see People v Taylor, 57 AD3d 1518, 1518 [4th Dept 2008], lv denied 12 NY3d 822 [2009]; People v Smith-Merced, 50 AD3d 259, 259 [1st Dept 2008], lv denied 10 NY3d 939 [2008]). In any event, even assuming, arguendo, that the prosecution witness was an accomplice as a matter of law, we conclude that "his testimony was sufficiently corroborated by, inter alia, defendant's admissions" (People v Elder, 108 AD3d 1117, 1117 [4th Dept 2013], lv denied 22 NY3d 1087 [2014]; see People v Reed, 115 AD3d 1334, 1336 [4th Dept 2014], lv denied 23 NY3d 1024 [2014]; People v Fortino, 61 AD3d 1410, 1411 [4th Dept 2009], lv denied 12 NY3d 925 [2009]). Defendant's related contention that he was denied effective assistance of counsel due to counsel's failure to request such a charge lacks merit inasmuch as it is well settled that an attorney's "failure to make a motion or argument that has little or no chance of success' " does not amount to ineffective assistance (People v Caban, 5 NY3d 143, 152 [2005]; see Elder, 108 AD3d at 1117).
Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that, contrary to defendant's contention, the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The jury had the opportunity to assess the testimony and credibility of the accomplice, who received favorable treatment in exchange for his testimony (see People v Pace, 305 AD2d 984, 985 [4th Dept 2003], lv denied 100 NY2d 585 [2003]), as well as the other witnesses, and the jury's credibility determination is entitled to great deference (see People v Romero, 7 NY3d 633, 644 [2006]). Even assuming, arguendo, that a different verdict would not have been unreasonable, we cannot conclude that "the jury failed to give the evidence the weight it should be accorded" (People v Jackson, 162 AD3d 1567, 1567 [4th Dept 2018], lv denied 32 NY3d 938 [2018]; see generally Bleakley, 69 NY2d at 495).
We have considered defendant's remaining contentions and conclude that they do not require reversal or modification of the judgment.
Entered: March 20, 2020
Mark W. Bennett
Clerk of the Court