People v Taylor (2022 NY Slip Op 51352(U))

[*1]

People v Taylor (Pernorris)

2022 NY Slip Op 51352(U) [77 Misc 3d 137(A)]

Decided on December 22, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 22, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, TIMOTHY
S. DRISCOLL, JJ

2017-2086 N CR

The People of the State of New
York, Respondent,
against
Pernorris Taylor, Appellant. 

Andrew E. MacAskill, for appellant.
Nassau County District Attorney (Sarah S. Rabinowitz, Monica M.C. Leiter and Autumn
S. Hughes of counsel), for respondent.

Appeal from a judgment of the District Court of Nassau County, First District
(Joseph B. Girardi, J.), rendered September 27, 2017. The judgment convicted defendant,
upon his plea of guilty, of driving while intoxicated (per se), and imposed sentence. The
appeal brings up for review the denial (Norman St. George, J.), in effect, without a
hearing, of the branch of defendant's omnibus motion seeking to suppress physical
evidence and statements that he had made to law enforcement officials. By decision and
order of this Court dated April 16, 2020, the denial was vacated and the matter was
remitted to the District Court for a determination, on the merits, following a hearing, of
the branch of defendant's omnibus motion seeking to suppress physical evidence and
statements that he had made to law enforcement officials, and for a report; the appeal was
held in abeyance in the interim (see People v Taylor, 67 Misc 3d 130[A], 2020 NY Slip
Op 50427[U]). The District Court of Nassau County (Joseph B. Girardi, J.) has now filed
its report.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged in five separate simplified traffic informations with,
respectively, driving while intoxicated per se (Vehicle and Traffic Law § 1192 [2]),
common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]),
failure to keep right (Vehicle and Traffic [*2]Law §
1120 [a]), driving across hazard markings (Vehicle and Traffic Law § 1128 [d]),
and failing to signal (Vehicle and Traffic Law § 1163 [a]).
Defendant moved to, among other things, suppress physical evidence and statements
that he had made to law enforcement officials. When defendant failed to appear for a
combined Huntley/Mapp/Dunaway hearing, the court held that
defendant had waived his right to the pretrial hearing. The trial began the next day, and,
during the People's case-in-chief, defendant changed his plea from not guilty to guilty,
which resulted in a conviction and sentence on the charge of driving while intoxicated
(per se).
In People v Taylor (67 Misc 3d 130[A], 2020 NY Slip Op 50427[U] [App
Term, 2d Dept, 9th & 10th Jud Dists 2020]), this court determined that the District
Court erred in concluding that defendant's failure to appear in court constituted a
forfeiture of his right to a hearing. As a result, the District Court's denial of the branch of
defendant's motion seeking to suppress physical evidence and statements that he had
made to law enforcement officers was vacated, and the matter was remitted to the District
Court for a determination, on the merits, following a hearing, of that branch of
defendant's motion; the appeal was held in abeyance in the interim. On remittitur, the
District Court decided, after a hearing, that suppression of physical evidence and two of
defendant's four statements was not warranted. On appeal, defendant contends only that
physical evidence and those two statements should have been suppressed because there
was no probable cause for the traffic stop.
"[A]s a general matter, the decision to stop an automobile is reasonable where the
police have probable cause to believe that a traffic violation has occurred" (People v
Robinson, 97 NY2d 341, 348-349 [2001] [internal quotation marks omitted]).
Failing to signal a turn, a violation of the Vehicle and Traffic Law (Vehicle and Traffic
Law § 1163 [a]), supports a vehicle stop (see People v Foster, 153 AD3d 853 [2017]). "The
credibility determinations of a hearing court are entitled to great deference on appeal, and
will not be disturbed unless clearly unsupported by the record" (People v Martinez, 58 AD3d
870, 870-871 [2009]). Here, the record supports the hearing court's determination to
credit the officer's testimony that he observed defendant make a right turn without
signaling, which justified the stop of defendant's vehicle (see Foster, 153 AD3d
853). Indeed, even defendant confirmed the officer's testimony by testifying that he had
made a turn without signaling. Consequently, the court properly denied suppression of
physical evidence and two of defendant's four statements.
As we find no basis to warrant the granting of any further suppression, and since the
two suppressed statements were similar to the two admissible statements, we find that
there is no "reasonable possibility" that the District Court's failure to suppress those two
statements prior to defendant pleading guilty "contributed to the plea" (People v
Grant, 45 NY2d 366, 379 [1978]; see People v Hightower, 207 AD3d 1199 [2022]; People v Hardman, 135 AD3d
785 [2016]; People v
Hardy, 77 AD3d 133 [2010]).
Accordingly, the judgment of conviction is affirmed.
GARGUILO, P.J., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 22, 2022