People v Berry (2025 NY Slip Op 01523)

People v Berry

2025 NY Slip Op 01523

Decided on March 14, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, OGDEN, NOWAK, AND DELCONTE, JJ.

738 KA 17-01051

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAVID A. BERRY, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (ALEXANDER PRIETO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (AERON SCHWALLIE OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered March 22, 2017. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree (six counts), criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree and criminally using drug paraphernalia in the second degree (three counts). 
It is hereby ORDERED that the judgment so appealed from is affirmed.
Memorandum: Defendant appeals from a judgment convicting him, after a jury trial, of six counts of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1], [12]), one count of criminal possession of a weapon in the second degree (§ 265.03 [3]), one count of criminal possession of a weapon in the third degree (§ 265.02 [3]), and three counts of criminally using drug paraphernalia in the second degree (§ 220.50 [1], [2], [3]). We affirm.
Initially, we agree with defendant that defense counsel's general challenge with respect to the existence of probable cause for the relevant search warrant was sufficient to preserve defendant's contention that the confidential informant evidence in the warrant application failed to satisfy the Aguilar-Spinelli test inasmuch as there is no dispute that the test applies here (cf. People v Murray, 194 AD3d 1360, 1362 [4th Dept 2021]) and Supreme Court expressly ruled that the warrant was supported by probable cause (see People v Colon, 192 AD3d 1567, 1568 [4th Dept 2021], lv denied 37 NY3d 955 [2021]; see generally People v Parker, 32 NY3d 49, 57 [2018]). Nevertheless, we conclude that "the hearsay information supplied in the search warrant application satisfied the two prongs of the Aguilar-Spinelli test and that the search warrant[ in question was] issued upon probable cause" (People v Jones, 224 AD3d 1348, 1349 [4th Dept 2024], lv denied 41 NY3d 1019 [2024] [internal quotation marks omitted]). The deputy sheriff who authored the supporting affidavit averred that the confidential informant was aware of the ongoing presence of narcotics at the subject location because the informant had been present at that location on multiple occasions, including for at least one drug transaction. "Affording great deference to the determination of the issuing [Justice] and reviewing the application in a common-sense and realistic fashion" (People v Humphrey, 202 AD3d 1451, 1451 [4th Dept 2022], lv denied 38 NY3d 951 [2022] [internal quotation marks omitted]), we conclude that the evidence is sufficient to establish both the source of the confidential informant's knowledge and the reliability of the informant (cf. People v Rodriguez, 303 AD2d 783, 784-785 [3d Dept 2003]; People v Candella, 171 AD2d 329, 331 [4th Dept 1991]; see generally People v Myhand, 120 AD3d 970, 973-974 [4th Dept 2014], lv denied 25 NY3d 952 [2015]), and to establish that the "state of facts . . . continue[d] to exist at the time the application for a search warrant [wa]s made" (People v Coleman, 26 AD3d 773, 774 [4th Dept 2006], lv denied 7 NY3d 754 [2006] [internal quotation marks omitted]).
We reject defendant's contention that he was denied effective assistance of counsel. Defendant's argument that defense counsel did not adequately challenge the search warrant on the record is without merit inasmuch as "[t]here can be no denial of effective assistance of . . . counsel arising from [defense] counsel's failure to make a motion or argument that has little or no chance of success" (People v Barksdale, 191 AD3d 1370, 1371 [4th Dept 2021], lv denied 36 NY3d 1118 [2021] [internal quotation marks omitted]; see also People v Brown, 181 AD3d 1301, 1303-1304 [4th Dept 2020], lv denied 35 NY3d 1064 [2020]). While we agree with defendant that he would have been entitled to a Darden hearing with respect to the confidential informant who purchased heroin from defendant had defense counsel requested one (see People v Edwards, 95 NY2d 486, 489 [2000]; see generally People v Darden, 34 NY2d 177, 181 [1974], rearg denied 34 NY2d 995 [1974]), a single error rises to the level of ineffective assistance only in the rare instance when the error " 'involve[s] an issue that is so clear-cut and dispositive that no reasonable defense counsel would have failed to assert it, and it [is] evident that the decision to forgo the contention could not have been grounded in a legitimate trial strategy' " (People v Keschner, 25 NY3d 704, 723 [2015]). Here, "because there is no indication in the record that the confidential informant was 'wholly imaginary' or that his communications to the police were 'entirely fabricated' . . . , defendant has failed to establish that he would have been entitled to any relief had a Darden hearing been conducted" (People v Nellons, 187 AD3d 1574, 1575-1576 [4th Dept 2020], lv denied 36 NY3d 1058 [2021]).
Finally, in light of our conclusions, defendant's remaining contention is academic.
All concur except Ogden and Nowak, JJ., who dissent and vote to modify in the following memorandum: We respectfully dissent because, in our view, the search warrant executed at 205 Curtis Street in the City of Rochester was not supported by probable cause. We conclude that Supreme Court should have suppressed the evidence obtained at 205 Curtis Street, which constitutes all of the evidence supporting the crimes charged in counts 3, 6, 7, and 8 of the indictment. We would therefore modify the judgment by suppressing that evidence, reversing those parts of the judgment convicting defendant of counts 3, 6, 7, and 8 of the indictment, and dismissing those counts. We would further modify the judgment by vacating the sentences imposed on the remaining counts, and we would remit the matter to Supreme Court for resentencing on those counts inasmuch as the court considered the seized firearm under count 7, charging criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), when it sentenced defendant.
As an initial matter, we agree with the majority that defendant's contention regarding the validity of the search warrant for 205 Curtis Street is preserved, and we likewise reject defendant's contention that he was denied effective assistance of counsel (see generally People v Baldi, 54 NY2d 137, 147 [1981]). However, we disagree with the majority's conclusion "that 'the hearsay information supplied in the search warrant application satisfied the two prongs of the Aguilar-Spinelli test and that the search warrant[ in question was] issued upon probable cause' (People v Jones, 224 AD3d 1348, 1349 [4th Dept 2024], lv denied 41 NY3d 1019 [2024] [internal quotation marks omitted])."
Under the Aguilar-Spinelli test, "a tip from a hearsay informant . . . may not be used [to establish probable cause] unless the source of [the informant's] knowledge is revealed and the informant is of known reliability" (People v Edwards, 95 NY2d 486, 495 [2000]). "The separate basis of knowledge and veracity requirements of Aguilar/Spinelli are analytically independent and each must be satisfied" (People v DiFalco, 80 NY2d 693, 697 [1993]). "The 'basis-of-knowledge' prong of the test may be satisfied upon a showing that the information furnished is so detailed as to make it clear that it must have been based upon personal knowledge" (People v Jean-Charles, 226 AD2d 395, 396 [2d Dept 1996], lv denied 88 NY2d 987 [1996]; see People v Parris, 83 NY2d 342, 350 [1994]). In other words, "[t]he basis of knowledge component . . . requires that the information provided by the informant be corroborated or confirmed through details sufficient in number and suggestive of, or directly related to, the criminal activity informed about" (Delgado v City of New York, 86 AD3d 502, 507 [1st Dept 2011]; see Parris, 83 NY2d at 350).
Here, the warrant application in question concerned two addresses, i.e., 205 Curtis Street and 215 Curtis Street, but contained a mere two statements based on the confidential informant's claimed knowledge regarding 205 Curtis Street. Specifically, it stated that "[t]he [confidential [*2]informant] has been inside 205 Curtis St[reet] on multiple occasions and is aware that narcotics are kept inside the location," and that "[t]he [confidential informant] . . . has been to 205 and 215 Curtis Street multiple times for narcotics transactions." The remaining contents of the six-page, single-spaced warrant application focused on 215 Curtis Street.
For the reasons that follow, we agree with defendant that the hearsay information regarding 205 Curtis Street does not provide the requisite basis of knowledge justifying the issuance of the search warrant for that address (see generally People v Gordon, 36 NY3d 420, 431 [2021]). First, we note that the application neither details any transaction that occurred at 205 Curtis Street, nor specifies the type of narcotic exchanged during such transaction. Second, no time frame is provided for the hearsay statements concerning 205 Curtis Street, and it is therefore entirely possible that the unspecified drug transaction occurred years or decades ago. In fact, the warrant application entirely fails to set forth what was actually observed by the informant at 205 Curtis Street or when it was observed (cf. People v Hanlon, 36 NY2d 549, 558 [1975]). On this record, we conclude that there is no basis provided to support the informant's claimed awareness of narcotics at 205 Curtis Street.
Although police observations can provide the corroborating details required to properly infer a basis of knowledge, no such details are present here. Indeed, the police provided no additional corroborating observations to support issuance of the warrant (cf. People v Middleton, 283 AD2d 663, 665 [3d Dept 2001], lv denied 96 NY2d 922 [2001]; People v Maldonado, 80 AD2d 563, 563 [2d Dept 1981]). The search warrant application does not contain any averments establishing that the police conducted surveillance of 205 Curtis Street, that they attempted to conduct controlled buys at 205 Curtis Street, or that they otherwise had information corroborating the incriminating information concerning 205 Curtis Street supplied by the confidential informant (see Delgado, 86 AD3d at 509; Maldonado, 80 AD2d at 563).
We acknowledge that search warrant applications must be "accorded all reasonable inferences" (Hanlon, 36 NY2d at 559). However, given the wealth of information about 215 Curtis Street, which spanned six single-spaced pages and included granular details about what was observed, and the comparative paucity of information regarding 205 Curtis Street, we are unable to reasonably infer that the confidential informant had the requisite basis of knowledge concerning 205 Curtis Street to establish probable cause for the issuance of the warrant at that address. In our view, the only reasonable inference that can be drawn is that the warrant application was drafted as well as it could have been based on the confidential informant's knowledge inasmuch as it lacked the requisite particularity regarding any timely observation of criminal activity at 205 Curtis Street. We therefore conclude that the search warrant was not supported by probable cause. 
Entered: March 14, 2025
Ann Dillon Flynn
Clerk of the Court